UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NORTH CAROLINA,<br><br>    Defendant. | Case No. 5:12-cv-557-D |

## CONSENT PROTECTIVE ORDER

After due consideration of the United States' and the State of North Carolina's joint motion for a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to govern the disclosure, treatment, and maintenance of, as well as access to, confidential information, and ensure that such information is not improperly disclosed, it is hereby ORDERED that:

1. The United States and the State of North Carolina have agreed to share Confidential Information, as defined below, to further implementation of the Settlement Agreement, D.E. 2-2, which aims to "prevent inappropriate institutionalization and to provide adequate and appropriate public services and supports identified through person centered planning in the most integrated setting appropriate to meet the needs of individuals with [Serious Mental Illness], who are in or at risk of entry to an adult care home." *Id.*, III.A.

2. Toward this end, this Protective Order shall govern the treatment of all Confidential Information that has been or will be produced in connection with this action, whether in response to a formal discovery request under the Federal Rules of Civil Procedure or in

response to an informal request for information. This Protective Order governs the parties' use of any Confidential Information received, informally or otherwise, from non-parties for the purpose of furthering implementation of the Settlement Agreement.

3. Confidential Information is defined as information, including electronically stored information, that:

    a. Reveals the identity of: (i) any individual residing in a state psychiatric hospital or adult care home ("institutionalized individuals"), (ii) any individual who currently receives or has in the past received services through the State's Medicaid or other health programs ("service recipients"), or (iii) any guardian, next friend, or parent of such institutionalized individuals or service recipients, if disclosure of the guardian, next friend, or parent's identity would allow determination of the identity of such institutionalized individuals or service recipients (collectively, the "Protected Individuals"); and

    b. Is confidential pursuant to federal or state law, including but not limited to the Medicaid Act and its implementing regulations, 42 U.S.C. § 1396a(a)(7) and 42 C.F.R. §§ 431.300-.307; the Health Insurance Portability and Accountability Act (HIPAA) and its implementing regulations, 42 U.S.C. §§ 1320d-1 to 1320d-7, 45 C.F.R. Parts 160, 162, and 164; the Health Information Technology for Economic and Clinical Health (HITECH) Act, 42 U.S.C. §§ 17921-53; the Privacy Act, 5 U.S.C. § 552a; North Carolina General Statutes §§ 122C-52, 108A-80, and 131D, Art. 3; and 45 C.F.R. § 160.103.

4. Confidential Information produced in this matter shall be used by the receiving party only for purposes of this matter.

5. Confidential Information produced in this matter shall be maintained by the receiving party in a manner that precludes access by persons who are not Authorized Recipients.
6. Authorized Recipients are defined as:
    a. The Court and Court personnel;
    b. Attorneys for the United States and their investigative, paralegal and support staff, and contractors;
    c. Attorneys for the State of North Carolina and their investigative, paralegal and support staff, and contractors, as well as public officials and employees of relevant state agencies;
    d. The Independent Reviewer in this matter, and any staff or support employed by the Independent Reviewer; and
    e. Staff at the State-contracted agency or agencies serving the Protected Individual whose Confidential Information has been disclosed.
7. Confidential Information produced in this matter shall not be disclosed by the receiving party to any person who is not an Authorized Recipient, except with the written consent of the relevant Protected Individual.
8. In the event of inadvertent disclosure of Confidential Information to an individual who is not an Authorized Recipient, the party making the disclosure shall, upon learning of the disclosure: (a) promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this Order; (b) promptly make all reasonable efforts to retrieve all copies of the Confidential Information from, and preclude dissemination or use by, the person or entity to whom disclosure was inadvertently made; and (c) promptly notify the party or non-party that produced the

Confidential Information that the inadvertent disclosure occurred, the circumstances of the disclosure, and the steps taken to retrieve and prevent the dissemination or use of the Confidential Information.

9. Anyone producing a document containing Confidential Information shall identify it by using the following designation on the information itself: "CONFIDENTIAL." When designation on the information itself is not practicable, the designation shall appear in an accompanying cover letter or disc label. However, the failure to designate Confidential Information as provided in this paragraph shall not constitute a waiver of the assertion that the materials are subject to this Protective Order, nor shall such a failure alter the parties' obligations to maintain Confidential Information in accordance with this Order.

10. If the receiving party disagrees with the designation of Confidential Information, the receiving party shall so notify the producing party or non-party, and they shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be informally resolved within 10 business days following the identification of the objection, the receiving party may file an appropriate motion with the Court. In the event of a dispute regarding the designation of Confidential Information, the information shall be treated as Confidential until the dispute is resolved.

11. In the event any party wishes to use Confidential Information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in this action, such party shall conceal the identity of the subject of the Confidential Information by coding such documents to substitute initials for the identities of the individuals, or by redacting identifying information. Counsel for a party filing any documents containing coding or redactions shall provide the other parties with copies of such documents that do not

4

contain coding or redactions. In the event the Court wishes to review the material that was coded or redacted, this Court may review that material in camera or order that the uncoded or unredacted documents containing Confidential Information be filed under seal according to Local Rule 79.2 and Section V.G of the Electronic Case Filing Administrative Policies and Procedures Manual.

12. No party, counsel, or witness shall disclose designated documents containing Confidential Information in open court, unless said documents have been coded or redacted to remove Confidential Information. No party, counsel, or witness shall disclose Confidential Information orally in open court.

13. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court, or upon the expiration of the Settlement Agreement as amended, D.E. 30-1. When this Protective Order, and any superseding Protective Orders, are no longer in force and effect, Confidential Information, including all copies, must, in accordance with 45 C.F.R. § 164.512(e)(1)(v), either be returned to the party or third party that produced the Confidential Information, or be destroyed.

14. This Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations, 45 C.F.R. § 164.512(e), and shall serve as an order allowing covered entities (as defined in 45 C.F.R. § 160.103), including State psychiatric hospitals, adult care homes, and other health care providers, to produce documents and medical records requested in the above-captioned action.

15. Statistical information, compilations, and analyses of information based in whole or in part upon Confidential Information may be disclosed without violating this Protective

5

Order, so long as information from which the identity of any Protected Individual may be determined or records that are confidential under applicable law are not disclosed without the consent of the individuals to whom the information pertains.

16. Nothing in this Protective Order prohibits the parties from disclosing Confidential Information to the extent required by North Carolina public records law, North Carolina General Statutes §§ 122C-52, 108A-80, or the Freedom of Information Act, 5 U.S.C. § 522 *et seq.* (FOIA), or demanded via subpoena, other process, or order, provided that the parties shall act in good faith to defend against demands to disclose to non-parties Confidential Information by subpoena, process, or FOIA to the fullest extent permitted by law and regulation.

17. The designation, production, or receipt of Confidential Information does not constitute an admission that the information is confidential, relevant, material, discoverable, authentic, or admissible.

18. This Protective Order shall not affect the right of any party to raise any permissible objection to the production or use of any Confidential Information in the above-captioned action.

19. This Protective Order may be modified, amended, or supplemented by written agreement of the parties or by order of the Court. A party may file a motion for modification of, or relief from, this Protective Order after conferring with counsel.

SO ORDERED this _5_ day of _June_, 2018.

JAMES C. DEVER III
CHIEF UNITED STATES DISTRICT JUDGE

CONSENTED TO BY:

FOR THE STATE OF NORTH CAROLINA:

/s/ Michael T. Wood
MICHAEL T. WOOD
Special Deputy Attorney General
North Carolina Department of Justice
114 West Edenton Street
P.O. Box 629
Raleigh, NC 27602-0629
mwood@ncdoj.gov
Tel. (919) 716-6800
Fax (919) 716-6756


FOR THE UNITED STATES:

/s/ Norman Acker III
G. NORMAN ACKER III
Assistant United States Attorney
Eastern District of North Carolina

REBECCA B. BOND
Chief
Disability Rights Section
Civil Rights Division

ANNE S. RAISH
Principal Deputy Chief
Disability Rights Section
Civil Rights Division

ELIZABETH S. WESTFALL
Deputy Chief
Disability Rights Section
Civil Rights Division

/s/ Julia M. Graff
JULIA M. GRAFF
Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave NW—NYA
Washington DC 20530
julia.graff@usdoj.gov
Tel. (202) 616-5319
Fax (202) 514-7821